# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: Allonhill, LLC, | : | Chapter 11 |
| | : | BK Case No. 14-10663 (KG) |
| Debtor. | : | Adv. Pro. No. 16-50419 (KG) |
| _____ | : | |
| ALLONHILL, LLC, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 19-879-LPS |
| | : | BAP No. 19-29 |
| STEWART LENDER SERVICES INC., | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |
| STEWART LENDER SERVICES, INC., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 19-938-LPS |
| | : | BAP No. 19-38 |
| ALLONHILL, LLC, | : | |
| | : | |
| Appellee. | : | |

## **RECOMMENDATION**

At Wilmington this **4th** day of **June, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would

not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This matter involves an appeal from an opinion and order by the Bankruptcy Court entered April 25, 2019 from which an appeal was filed by Allonhill on May 9, 2019 for the denial of Allonhill's preference claim and related fraudulent transfer claim; Allonhill's breach of contract claim and Allonhill's claim that deposits in the Allonhill operating account are property of the estate. On May 20, 2019, Steward Lender Services, Inc. (SLS) filed a notice of cross-appeal. SLS's statement of issues on its cross-appeal is due June 6, 2019.

In January 2018, the parties participated in a formal mediation process, which was unsuccessful, and the adversary proceedings were tried in December 2018. The parties agree that mediation would not be productive at this time and request that the appeal and cross appeal be removed from mandatory mediation. Following entry of this Court's oral order of May 10, 2019, the parties conferred regarding further mediation, and agree that further mediation would not be productive at this time.

The parties further request that the following briefing schedule be adopted by this Court:

| | |
|---|---|
| Allonhill's Opening brief | July 19, 2019 |
| SLS's opposition and opening brief on cross-appeal | August 30, 2019 |
| Allonhill's reply and opposition to cross-appeal | October 11, 2019 |
| SLS's Reply Brief | November 8, 2019 |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Since this Recommendation is consistent with the parties' request, no objections pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(a) and D. Del. LR 72.1 are anticipated.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge Mary Pat Thynge